IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JAMES AVERY CRAFTSMAN, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 5:16-cv-00463 _____ |
| § | |
| SAM MOON TRADING ENTERPRISES, § | |
| LTD. dba SAM MOON TRADING CO. § | |
| and MOON BROTHERS § | |
| MANAGEMENT, INC. dba SAM MOON § | |
| GROUP, § | |
| Defendants. § | |
| § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff James Avery Craftsman, Inc. ("James Avery") files this Original Complaint seeking injunctive relief and damages from Sam Moon Trading Enterprises, Ltd. d/b/a Sam Moon Trading Co., and Moon Brothers Management, Inc. d/b/a Sam Moon Group, named as Defendants above (collectively "Sam Moon" or "Defendants"), based on Sam Moon's infringement of James Avery's registered copyrights and violation of the National Stamping Act. This is an action for copyright infringement and unfair competition by violating the National Stamping Act.

## PARTIES

1. James Avery Craftsman, Inc. is a Texas corporation with its principal place of business in Kerrville, Texas.

2. Defendant Sam Moon Trading Enterprises, Ltd. is a Texas limited partnership located at 2605 Lyndon B. Johnson Frwy., Suite A, Dallas, Texas 75235. On information and

belief, Sam Moon Trading Enterprises, Ltd. operates under the assumed name Sam Moon Trading Co.  The registered agent of Sam Moon Trading Enterprises, Ltd. is Daniel S. Moon, who may be served at the registered office located at 2605 Lyndon B. Johnson Frwy, Suite A, Dallas, Texas 75235.

3. Defendant Moon Brothers Management, Inc. is a Texas corporation located at 2605 Lyndon B. Johnson Frwy, Suite A, Dallas, Texas 75235.  On information and belief, Moon Brothers Management, Inc. operates under the assumed name Sam Moon Group.  Moon Brothers Management, Inc. is the general partner of Sam Moon Trading Enterprises, Ltd.  The registered agent of Moon Brothers Management, Inc. is Daniel S. Moon, who may be served at the registered office located at 2605 Lyndon B. Johnson Frwy, Suite A, Dallas, Texas 75235.

4. In this Complaint, Sam Moon Trading Enterprises, Ltd. and Moon Brothers Management, Inc. are collectively referred to as "Sam Moon."

## JURISDICTION AND VENUE

5. The Court has jurisdiction over the copyright claims pursuant to 28 U.S.C. Section 1331 (federal question jurisdiction) and 28 U.S.C. Section 1338(a) because the claims arise under the laws of the United States and under an Act of Congress, namely the Copyright Act at 17 U.S.C. Section 101 *et seq*.  The Court has jurisdiction over the National Stamping Act violation claims pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1338(a) because the claims arise under the laws of the United States and under an Act of Congress, namely the National Stamping Act at 15 U.S.C. Section 291 *et seq*.

6. Venue of this action in this Court and district is proper pursuant to 28 U.S.C. Section 1391(b) because a substantial part of the events giving rise to James Avery's claims

occurred in this district and Defendants have displayed, sold and distributed the infringing items described in this Complaint to the public within this district.

**Factual Background**

7.       James Avery, a Texas corporation, is and for many years has been involved in the business of creating, designing, manufacturing, marketing and selling original, copyrightable designs which are used in sculptures such as jewelry.

8.       The designs created by James Avery, by and through its employees, have been produced through the expenditure of considerable labor, skill and judgment on the part of James Avery, and contain original designs and are copyrightable subject matter under the laws of the United States.

A.   **Defendants' Copyright Infringement**

   **(i)   *James Avery's Copyrighted Designs***

9.       James Avery has complied in all respects with Title 17 of the United States Code, and all other laws governing copyrights, and thereby has secured the exclusive rights and privileges in and to the copyrights of numerous designs and has received from the Register of Copyrights of the United States Copyright Office certain Certificates of Copyright Registrations covering its original designs (James Avery's "Designs").  In particular, James Avery has obtained copyright registrations for the following designs (collectively referred to herein as the "Registered Designs"):

| Name and JAC Product Number | Certificate of Copyright Registration No. | Effective Date of Registration | Date of First Publication |
|---|---|---|---|
| Spanish Swirl Ring JAC Product No. R-1333 | VA-0000-055-565 (Registered under JAC Product No. R-676) | July 14, 1980 | May 5, 1980 |

3

| Name and JAC Product Number | Certificate of Copyright Registration No. | Effective Date of Registration | Date of First Publication |
|---|---|---|---|
| Rose Blossom Ring JAC Product No. R-1444 | VA-0001-754-502 | Dec. 30, 2010 | Jan. 20, 2010 |
| Scroll Cross Ring JAC Product No. R-1653 | VA-0001-876-983 | Sept. 25, 2013 | Aug. 30, 2012 |
| Bow Ring JAC Product No. R-1654 | VA-0001-876-989 | Sept. 25, 2013 | Sept. 12, 2012 |
| Abounding Vine [Bank] JAC Product No. R-1708 | VAu-0001-144-830 | Sept. 25, 2013 | Year of Completion 2013 |
| Rosebud Cross JAC Product No. C-687 | VA-0000-177-855 | Jan. 22, 1985 | Oct. 2, 1984 |
| His Love Cross JAC Product No. C-1204 | VA-0001-746-397 | Oct. 28, 2010 | Aug. 31, 2009 |
| Enamel Floral Mission Cross with Turquoise JAC Product No. C-2568TQ-EN | VAu-0001-164-884 (Registered Under JAC Product No. CM-2561) | March 20, 2014 | Year of Completion 2013 |
| Mother's Love JAC Product No. CM-1669 | VA-0000-855-189 (Registered Under JAC Product No. P-911) | May 19, 1997 | July 26, 1996 |
| Rose Blossom Pendant JAC Product No. CM-1982 | VA-0001-754-561 | Dec. 30, 2010 | Dec. 23, 2009 |
| Rose Ear Posts/Rose Slide Ring JAC Product No. EP-531 | VA-0000-065-098 (Registered Under JAC Product No. R-690) | Jan. 2, 1981 | Oct. 22, 1980 |
| Rose Blossom Ear Posts JAC Product No. EP-1723 | VA-0001-850-188 | Feb. 11, 2013 | March 23, 2012 |

The Certificates of Copyright Registration for each of these works are attached hereto at Exhibit "A" and are collectively referred to herein as the "Copyright Registrations." Records of such Copyright Registrations are publicly available through the United States Copyright Office,

whose public records are incorporated herein. The Copyright Registrations are valid and enforceable, and all rights, title and interest in and to them belong solely to James Avery.

10. James Avery has sold and published jewelry incorporating all of the Designs in accordance with Section 401 of Title 17 of the United States Code and the federal laws governing copyrights.

### (ii) *Sam Moon's Infringement of the Copyright-Protected Designs*

11. Sam Moon owns and operates a large chain of retail stores across Texas. The Sam Moon stores are highly popular, offering thousands of square feet of bracelets, necklaces, earrings, handbags, shoes, and other products.

12. Sam Moon operates in the same geographic area as James Avery.

13. Recently, James Avery discovered that Sam Moon was selling numerous unauthorized copies of James Avery's copyright-protected, original jewelry Designs at its retail stores located in the cities of Shenandoah, Houston, Austin, Dallas and San Antonio in Texas (hereinafter, the unauthorized copies are referred to as the "Infringing Products"). Upon information and belief, Sam Moon may have also sold Infringing Products through its online store located at www.sammoon.com (the "Online Store").

14. Sam Moon has been selling at least the following Infringing Products of which James Avery is aware, offered in an accurate side-by-side comparison next to the copyright-protected original Designs of James Avery:

| Copyright Reg. No. | Photograph of James Avery Work & Product No. | Photograph of Infringing Product & Item No. |
|---|---|---|
| VA-0000-055-565 | Spanish Swirl Ring<br>JAC No. R-1333 | Sam Moon Number Unknown |
| VA-0001-754-502 | Rose Blossom Ring<br>JAC No. R-1444 | Sam Moon "JC-M2194" |
| VA-0001-876-983 | Scroll Cross Ring<br>JAC No. R-1653 | Sam Moon "JC-M2168" |
| VA-0001-876-989 | Bow Ring<br>JAC No. R-1654 | Sam Moon Number Unknown |
| VAu-0001-144-830 | Abounding Vine [Bank]<br>JAC No. R-1708 | Sam Moon "JC-M2182" |
| VA-0000-177-855 | Rosebud Cross<br>JAC No. C-687 | Sam Moon "JCP0M506" |

4846-9550-5457.3

| Copyright Reg. No. | Photograph of James Avery Work & Product No. | Photograph of Infringing Product & Item No. |
|---|---|---|
| VA-0001-746-397 | His Love Cross<br>JAC No. C-1204 | Sam Moon Number Unknown |
| VAu-0001-164-884 | Enamel Floral Mission Cross with Turquoise<br>JAC No. C-2568TQ-EN | Sam Moon "JCP-M5058" |
| VA-0000-855-189 | Mother's Love<br>JAC No. CM-1669 | Sam Moon Number Unknown |
| VA-0001-754-561 | Rose Blossom Pendant<br>JAC No. CM-1982 | Sam Moon Number Unknown |
| VA-0000-065-098 | Rose Ear Posts/Rose Slide Ring<br>JAC No. EP-531 | Sam Moon Number Unknown |

4846-9550-5457.3

| Copyright Reg. No. | Photograph of James Avery Work & Product No. | Photograph of Infringing Product & Item No. |
|---|---|---|
| VA-0001-850-188 | Rose Blossom Ear Posts<br>JAC No. EP-1723 | Sam Moon Number Unknown |

15. Specifically, Sam Moon marketed and sold forgeries of the copyright-protected Designs listed above at its stores located in Shenandoah, Houston, Austin, Dallas and San Antonio, Texas. Upon information and belief, Sam Moon may also have manufactured and/or commissioned the manufacturing of the Infringing Products.

16. Further, while Sam Moon's Infringing Products are identical or substantially similar forgeries of James Avery's original Designs, the Infringing Products are also inferior quality, shoddy copies of the Designs, and, upon information and belief, were manufactured using a lower percentage of silver, causing harm to James Avery's reputation to the general public who are familiar with the Copyright-Protected Designs and unique style of James Avery jewelry.

17. Upon information and belief, additional Infringing Products not pictured above are currently, or have previously been, offered for sale by Sam Moon.

### (iii) *Sam Moon's Infringement Is Willful*

18. Upon information and belief, Sam Moon intentionally marketed, sold, and may have manufactured or commissioned the manufacturing of infringing copies of at least twelve Registered James Avery Designs protected by the following valid Copyright Registrations: VA-0000-055-565 (Registered under JAC Product No. R-676); VA-0001-754-502; VA-0001-876-983; VA-0001-876-989; VAu-0001-144-830; VA-0000-177-855; VA-0001-746-397; VAu-0001-

164-884 (Registered Under JAC Product No. CM-2561-SS); VA-0000-855-189 (Registered Under JAC Product No. P-911); VA-0001-754-561; VA-0000-065-098 (Registered Under JAC Product No. R-690); VA-0001-850-188.

19. Upon information and belief, Sam Moon sells all of the Infringing Products directly to the consumers to whom James Avery typically sells its products and operates in the same geographic area as James Avery.

20. Upon information and belief, Sam Moon's infringement is intentional and Sam Moon intended to and did profit from the goodwill and reputation of James Avery's Designs and the unique style of James Avery jewelry. Upon information and belief, Defendants sold their infringing reproductions for between $7.99 and $18.99—pieces for which James Avery Craftsman charges between $39.00 and $120.00 retail.

21. Upon information and belief, Sam Moon has actual knowledge of James Avery and actual knowledge that the Infringing Products are exact copies of James Avery's copyright-protected original Designs, as evidenced from the nationally registered Copyright Registrations listed above, and the geographic proximity of Sam Moon's retail stores where the Infringing Products were sold to James Avery's retail stores. Despite this actual knowledge, Sam Moon continues to willfully sell forgeries of the copyright-protected Designs.

22. Upon information and belief, the Infringing Products remain available for sale by Sam Moon at the time of the filing of this Complaint.

B. **Violations of the Stamping Act**

23. The Sam Moon Infringing Products copying JAC No. R-1444; JAC No. R-1653; JAC No. R-1333; JAC No. C-687; JAC No. R-1654; JAC No. R-1708 include the stamps

"S925" indicating that those Infringing Products are made of at least 92.5 wt% Ag.-Silver. Additionally, the Infringing Products copying JAC No. C-1204 and JAC No. C-2568TQ-EN, while not stamped, were sold as "Sterling Silver." The law requires 92.5 wt% Ag. in order to designate an item "Sterling Silver."

24. Upon information and belief, those Infringing Products were shoddy, inferior copies of James Avery's charms and were not made of 92.5% Ag.-silver. As a result, Sam Moon also violated Sections 1 and 3 of the National Stamping Act. 15 U.S.C. §§ 294, 296.

25. As creator, manufacturer and seller of its copyright-protected Designs which are manufactured using 92.5% Ag.-Silver, and as discussed in greater detail above, James Avery is a direct competitor of Sam Moon. As a competitor, James Avery was injured by Sam Moon's violation of Sections 1 and 3 of the National Stamping Act. *See* 15 U.S.C. § 298(b). For example, consumers seeking 92.5% Ag.-Silver jewelry products in the above-described designs are likely to be misled into buying the Infringing Products, thinking they are Sterling Silver (at least 92.5% Ag.-Silver), instead of buying the corresponding genuine, 92.5% Ag-Silver James Avery products.

26. Sam Moon's violation of the National Stamping Act by mismarking the above-listed Infringing Products as 92.5% Ag.-Silver is unfair competition with James Avery, an ethical company that produces and correctly marks its 92.5% Ag.-Silver charms. James Avery cannot fairly compete with Sam Moon when James Avery is continuing to maintain the high quality of its silver charms and stamp them appropriately.

C.  **Injunctive and Monetary Relief Appropriate**

27. James Avery has been and continues to be damaged by the aforementioned acts in a manner that cannot be fully measured or compensated in economic terms. Sam Moon has

profited from James Avery's original copyright-protected Designs and caused losses to James Avery and unfairly competed with James Avery, including by mismarking inferior infringing products as Sterling Silver.  Upon information and belief, Sam Moon has and will continue to engage in such unauthorized activities in interstate commerce.  James Avery has no adequate remedy at law and will suffer irreparable harm and damages as a result of Sam Moon's actions, in an amount presently incalculable.  Unless Sam Moon is restrained by this Court from continuing to sell infringing copies of James Avery's copyright-protected Designs and violating the National Stamping Act, James Avery's injuries will continue to occur.

28. Sam Moon has profited and is continuing to profit through its intentional infringement of James Avery's copyrights and through its intentional infringement of the National Stamping Act.  Sam Moon's profits are in an amount yet to be determined.

## Count I
## Copyright Infringement, 17 U.S.C. § 501

29. James Avery incorporates by reference paragraphs 1 through 28 as if set forth fully herein.

30. All of the Designs are original works of authorship of James Avery.  James Avery is the lawful owner and holder of the copyrights in its Designs.

31. With regard to the Registered Designs, James Avery is the lawful owner and holder of the Copyright Registrations identified above with respect to these original Registered Designs.  *See* Exhibit "A."

32. Sam Moon's marketing and sale of the infringing copies of James Avery's copyright-protected Designs was unauthorized, intentional and willful, and infringed James Avery's copyrights and harmed James Avery.

33. Sam Moon's willful and unauthorized copying, production, distribution, sale and/or display of the Infringing Products has resulted in wrongful profits to Sam Moon, the full extent of which is yet undetermined, and losses to James Avery, the full extent of which is yet undetermined.

34. By reason of Sam Moon's willful infringement of the copyright-protected Designs, Sam Moon has also diminished the value of James Avery's goodwill and reputation, resulting in monetary damage and irreparable injury to James Avery.

35. By reason of Sam Moon's willful infringement of the copyright-protected Designs, Sam Moon has irreparably injured James Avery's rights in its Designs and, unless enjoined by this Court, will continue to do so.

## Count II
## Violation of the National Stamping Act

36. James Avery incorporates by reference paragraphs 1 through 35 as if set forth fully herein.

37. Upon information and belief, Sam Moon is intentionally and/or knowingly marking the Infringing Products copying the James Avery items with the following product numbers: JAC No. R-1444; JAC No. R-1653; JAC No. R-1333; JAC No. C-687; JAC No. R-1654; JAC No. R-1708 with the stamp "S925" and/or marketing them as "Sterling Silver" which indicates that they should be at least 92.5 wt% Ag. However, upon information and belief, these six Infringing Products are not made of 92.5 wt% Ag.

38. Sam Moon's intentional or knowing mismarking of the Infringing Products is in violation of the National Stamping Act at 15 U.S.C. Sections 294–298 and constitutes unfair competition against James Avery, as James Avery is an ethical jewelry maker that follows the

National Stamping Act by properly marking its products according to their quality. James Avery cannot compete with Sam Moon's six inferior Infringing Products that are intentionally mismarked as 92.5 wt% Ag.-Silver.

39.     Both Sam Moon and James Avery are marketing and selling and/or manufacturing products made from the same James Avery Designs, bearing stamps or other statements that indicate they are made of Sterling Silver (at least 92.5 wt% Ag.) to the same consumers in the same geographic region. Sam Moon's intentional or knowing mismarking of its Infringing Products, in violation of the National Stamping Act, is likely to influence these consumers' purchasing decisions.

40.     Upon information and belief, Sam Moon may be marketing and selling its mismarked Infringing Products in interstate commerce using the Online Store at www.sammoon.com.

41.     As an ethical manufacturer of Sterling Silver (at least 92.5% Ag.) jewelry, James Avery has been injured and is likely to continue to be injured as a result of Sam Moon's mismarking of its Infringing Products as Sterling Silver jewelry.

42.     For these reasons and the reasons discussed in greater detail above, James Avery hereby asserts a claim against Sam Moon for injunctive and monetary relief pursuant to the National Stamping Act at 15 U.S.C. Section 298(b).

## Jury Demand

43.     James Avery hereby requests a trial by jury.

## Prayer

WHEREFORE, Plaintiff James Avery Craftsman, Inc. prays that judgment be entered in its favor and against Defendants Sam Moon Trading Enterprises, Ltd. d/b/a Sam Moon Trading

Co. and Moon Brothers Management, Inc. d/b/a Sam Moon Group on its claims asserted herein, and that the Court order as follows:

    a.    That Defendants, and all agents or persons and entities in active concert or participation with them, be permanently enjoined from producing, utilizing, copying, reproducing, distributing, selling or displaying materials that infringe any of James Avery's Copyright-Protected Designs and immediately surrender to James Avery all Infringing Products in their possession, custody or control

    b.    That Defendants be required to provide to James Avery the names and addresses of the manufacturers of the Infringing Products and all records, invoices, shipping manifests, purchase orders, inventory records, and correspondence between Defendants and those manufacturers;

    c.    That James Avery be awarded its actual damages from Defendants sustained as a result of Defendants' copyright infringement of James Avery's Designs;

    d.    That James Avery be awarded statutory damages against Defendants pursuant to 17 U.S.C. § 504(c)(1) in the amount of $30,000 per infringement for the infringements of the twelve Registered Designs, unless the Court finds it proper to increase the amount of statutory damages up to a sum of $150,000 per infringement, pursuant to 17 U.S.C. Section 504(c)(2), for which case James Avery prays for the higher award;

    e.    That Defendants be required to account for and to disgorge all profits obtained as a result of their copyright infringement;

    f.    That James Avery be awarded the value of the damage to its goodwill and reputation sustained as a result of Defendants' copyright infringement;

    g.    That Defendants and all agents or persons and entities in active concert or participation with them, be permanently enjoined from mismarking any products with the "S925" stamp or the words "Sterling Silver," indicating Sterling Silver when the products are not at least 92.5 wt% Ag.-Silver.

    h.    That James Avery be awarded its actual damages incurred as a result of Defendants' violation of the National Stamping Act;

    i.    That Defendants be required to account for and to disgorge all profits obtained as a result of their violation of the National Stamping Act;

    j.    That James Avery be awarded its costs and attorneys' fees incurred in bringing this action;

    k.    That Defendants be ordered to pay James Avery prejudgment and post-judgment interest; and

l.  That James Avery be granted such other and further legal and equitable relief against Defendants as the Court deems appropriate.

Dated:  May 20, 2016                    Respectfully submitted,

                                        DYKEMA COX SMITH
                                        112 E. Pecan Street, Suite 1800
                                        San Antonio, Texas  78205
                                        (210) 554-5500 (Phone)
                                        (210) 226-8395 (Fax)


                                        By:   /s/ J. Daniel Harkins
                                            J. Daniel Harkins
                                            dharkins@dykema.com
                                            State Bar No. 09008990
                                            Amy Davis
                                            adavis@dykema.com
                                            State Bar No. 24074114

                                        *Attorneys for Plaintiff James Avery Craftsman, Inc.*

4846-9550-5457.3